IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE MORALES, #M44326, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00571-NJR |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| SUZANN BAILEY, JOHN BALDWIN, | ) |
| MARCUS HARDY, | ) |
| MARK HARTMAN, and | ) |
| ROBERT SAMOLINSKI, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jose Morales, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that the soy-based diet provided by the Illinois Department of Corrections ("IDOC") for prisoners violates his rights under the Eighth and Fourteenth Amendments. He also claims that all of the named Defendants acted in a conspiracy to establish and maintain a policy of serving a soy diet with the end goal of saving IDOC money and pocketing the savings. As a result of the soy diet, he claims he has suffered a number of medical ailments and has been refused any treatment. In connection with these claims, Plaintiff sues Jacqueline Lashbrook (Pinckneyville Warden), Suzann Bailey (Food Service Administrator), John Baldwin (IDOC CEO/Director), Marcus Hardy (Deputy Direction of IDOC Prisons), Mark Hartman (counselor/advocate), and Robert Samolinski (counselor/advocate) for monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff brings a number of claims in his Complaint, all related to the provision of a soy diet (Doc. 1, pp. 4-5). According to the Complaint, Defendants acted in deliberate indifference by adopting and maintaining a soy diet while knowing of its risks. Specifically, Plaintiff alleges that Defendants conspired to save money and pocket the savings by maintaining the soy diet, denied medical care for soy related ailments, and failed to respond to any soy related grievances (*Id.* at 4-5). As a result of the diet, Plaintiff claims he has developed problems with his circulation, constipation, extreme stomach pain and gas, bloody bowel movements, headaches, extreme depression, and other mental illness (*Id.* at 5). He claims that Defendants have stopped serving soy to female inmates based on a successful lawsuit, but that they continue to insist on serving soy to the male population despite proven side-effects (*Id.* at 5-7).

Plaintiff also alleges that all of the actions just mentioned were taken by Defendants in furtherance of a conspiracy to save money by serving soy instead of animal products, and that Defendants have pocketed large sums of money in connection with the soy diet (*Id.* at 5-6). Plaintiff does not specifically identify in which aspects of the soy diet or its implementation the individual defendants are personally involved (*Id.*).

On a number of occasions, Plaintiff sought medical care for symptoms he believed to be soy-related, and he was denied care (*Id.* at 5). He alleges that a nurse told him that she had seen worse, and that he should eat around the soy products (*Id.*).

Plaintiff began filing grievances about the soy diet in February 2015 (*Id.*). Two internal grievances went unanswered, and he then sent a grievance to the appeals board in Springfield, which also went unanswered (*Id.*). When his medical issues worsened, he sent grievances to Defendants Hardy and Lashbrook, but received no response (*Id.*). Lashbrook has walked away from him when he has tried to complain orally (*Id.*). Plaintiff has now filed this action seeking relief under 42 U.S.C. § 1983.

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim against Defendants for deliberate indifference in implementing a soy diet;
>
> **Count 2:** Conspiracy claim against Defendants for the soy diet;
>
> **Count 3:** Failure to treat claim against Defendants for refusing medical care,
>
> **Count 4:** Fourteenth Amendment claim against Defendants for failing to respond to grievances regarding the soy diet.

As discussed below, Count 1 shall receive further review against the individuals who are identified below in connection with that claim. All remaining claims, including Counts 2, 3, and 4, shall be dismissed for failure to state a claim upon which relief may be granted or for failure to identify any defendants.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if a plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

At this early stage, the Complaint suggests that Plaintiff suffered serious side effects from the overconsumption of soy in his diet and that Defendants knew of the risks of the diet (**Count 1**). Plaintiff alleges that the soy diet has caused him poor circulation, extreme stomach pain and gas, headaches, a torn anus, severe depression, and other mental illnesses thus endangering his health. Plaintiff claims that Defendants Lashbrook, Bailey, Baldwin, and Hardy participated in designing and implementing the soy diet despite known ill-effects. Plaintiff also claims that he requested medical care for his soy-related ailments and was denied treatment. He wrote two regular grievances, sent an appeal to Springfield, sent personal complaints to Lashbrook and Hardy, and orally informed Lashbrook of the soy issue to no avail. He claims that Hartman and

Samolinski failed to process his grievances or to advocate for him. The Complaint suggests that these individuals may have responded to Plaintiff's complaints regarding the issues associated with a soy diet with deliberate indifference. Therefore, Count 1 shall proceed against all named Defendants.

### Count 2

Count 2 alleges a conspiracy amongst all Defendants to offer a soy diet because soy is cheaper than animal products. Plaintiff alleges that Defendants Lashbrook, Bailey, Baldwin, and Hardy participated in adopting and implementing the soy diet; medical personnel failed to treat soy-based ailments and advised him to eat around the soy; and Defendants Hartman and Samolinski perpetuated the conspiracy by ignoring grievances.

Count 2 does not survive preliminary review because the Complaint offers insufficient allegations in support of this claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). Plaintiff's mention of a conspiracy is insufficient, even at the early pleadings stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state

a claim to relief that is plausible on its face"). The factual allegations do not support a conspiracy claim against Defendants, based on their issuance of a soy diet. Plaintiff's general allegation that a conspiracy to pocket profits is occurring is insufficient because he does not provide any explanation of when Defendants met and developed a plan, how they planned to execute it, or if they continue to collaborate.

Further, the Complaint also fails to articulate a conspiracy claim against Defendants for allegedly implementing a soy diet in order to pocket the savings garnered by not serving animal products. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). The Complaint alleges that the purpose of this particular "conspiracy" is to help IDOC save money on food, thus allowing Defendants to pocket the savings. But a government institution saving money is not a constitutional violation in and of itself. Thus, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 3

The Complaint vaguely describes a failure to treat a number of medical conditions stemming from the soy diet, including extreme stomach pains, constipation, a torn anus, poor circulation, headaches, severe depression, and other mental illnesses. Plaintiff alleges that although he filed sick call slips and spoke to a nurse about his issues, he received minimal medical care. And once, a nurse told him she had seen worse and suggested that he eat around the soy.

To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Plaintiff's claim passes the objective hurdle—he alleges that he has suffered stomach pains, constipation, a torn anus, extreme gas, headaches, and other injuries linked to the food at the prison, and those symptoms can indicate an arguably serious condition at screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 & 1373 (7th Cir. 1997). Plaintiff's claim also passes the subjective hurdle—allegations of a failure to treat can constitute indifference, depending on the circumstances. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). Unfortunately, however, Plaintiff does not name any medical personnel in his complaint. His deliberate indifference claims against IDOC management and the grievance counselors are already continuing with Count 1, but he makes no allegation that any of the named Defendants personally denied him medical care. *See Arnett*, 658 F.3d at 755 (finding that if a prison official believes the inmate is in capable medical care, a non-medical official shall not be held liable for a failure to treat). Accordingly, this Count will be dismissed without prejudice for failure to identify any defendants associated with this conduct.

### Count 4

The Complaint refers to the Fourteenth Amendment (**Count 4**) but does not explain why. To the extent that Count 4 arises from Defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that

Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them. Accordingly, **Count 4** fails and shall be dismissed with prejudice.

### TRO/Preliminary Injunction

In the body of the Complaint, Plaintiff requests a temporary restraining order ("TRO") and a preliminary injunction (Doc. 1, p. 5). As to the TRO, Plaintiff did not identify the act which he seeks to have restrained, nor did he make any reference to Federal Rule of Civil Procedure 65 or controlling case law. He also failed to file a separate motion or pleading addressing either request. The conclusory nature of his request does not provide the Court with enough information to properly consider or analyze it. For these reasons, Plaintiff's request for a TRO and/or preliminary injunction is **DENIED** without prejudice.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED** as to all Defendants for the continuing count, Count 1.

### Disposition

**IT IS ORDERED** that **COUNT 1** shall receive further review as to all Defendants. **COUNTS 2** and **3** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, and for failure to identify proper defendants, respectively. **COUNT 4** is **DISMISSED with prejudice** as to all named Defendants for failure to state a claim upon which relief may be granted.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS LASHBROOK, BAILEY, BALDWIN, HARDY, HARTMAN AND SAMOLINSKI**:

(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    IT IS SO ORDERED.

    DATED:  July 14, 2016

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**